UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                  )
RYAN CALLAHAN,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    C.A. No. 16-160 S
                                  )
ASHBEL T. WALL, II, et al.,       )
                                  )
          Defendants.             )
_____)
```

**MEMORANDUM AND ORDER**

William E. Smith, Chief Judge.

Before the Court are three pleadings from Plaintiff Ryan Callahan: (1) Objection to the denial of his motion for preliminary injunction and temporary restraining order ("Objection" or "Obj. to R&R") (ECF No. 45), which objects to the Report & Recommendation ("R&R") filed by Magistrate Judge Patricia A. Sullivan on September 27, 2016; (2) Motion for Re-Hearing (ECF No. 44); and (3) Motion for Prima Facie Evidence (ECF No. 39). For the reasons that follow, Plaintiff's Objection is DENIED WITHOUT PREJUDICE; Plaintiff's Motion for Re-Hearing is DENIED; and Plaintiff's Motion for Prima Facie Evidence is DENIED AS MOOT.

Plaintiff is an inmate at the Adult Correctional Institutions ("ACI") who is seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983 for Defendants' (Ashbel T.

1

Wall, II, Dr. Jennifer Clarke, and the Rhode Island Department of Corrections ("RIDOC")) alleged deliberate indifference to his medical needs. (Compl. ¶¶ 1, 5, 48, ECF No. 1.) Plaintiff filed a motion for a preliminary injunction and temporary restraining order, requesting immediate medical treatment for pain in his left foot. (Mem. of Law in Supp. of Pl. Request for PI and TRO 1-2, 3, ECF No. 23.) Magistrate Judge Sullivan held a hearing on Plaintiff's motion on September 13, 2016, at which Plaintiff appeared telephonically.  RIDOC represented that Plaintiff would be examined the next day by two independent podiatrists pursuant to a referral for treatment that had been made in July 2016. (R&R 1, ECF No. 41.) RIDOC subsequently confirmed with Magistrate Judge Sullivan that Plaintiff was in fact examined by these two podiatrists on September 14, 2016. (Id.)

The R&R recommends that the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order because Plaintiff received the emergency relief that he sought when he was referred to the podiatrists in July 2016 and was examined by the podiatrists in September 2016. (Id. at 2, 9.) The R&R concluded that, based on Plaintiff's frequent interactions with nurses and medical professionals at the ACI on a variety of medical issues, Plaintiff could not establish that he was either likely to succeed on the merits of his Eighth Amendment violation claim or that he would be immediately or

2

irreparably harmed without the injunctive relief. (Id. at 8-9.)

Plaintiff filed an objection to the R&R arguing that his need for injunctive relief was substantiated by the report submitted by Dr. Fish, one of the podiatrists who examined Plaintiff on September 14, confirming Plaintiff's claims of a genuine medical issue with his left foot. (Obj. to R&R 2, 4, ECF No. 45.)  Plaintiff urges this Court to reconsider his motion for injunctive relief based on the information contained in Dr. Fish's report. (Id. at 9.)  Plaintiff also argues that this Court should consider his communications with Defendant Clarke from November 2015 through May 2016 regarding his efforts to obtain medical treatment. (Id., see ECF No. 45-1.)

The Eighth Amendment places a duty on prison officials to, inter alia, "ensure that inmates receive adequate . . . medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To violate the Cruel and Unusual Punishments Clause, a prison official must be "deliberate[ly] indifferent" to the "serious medical needs of prisoners," id. at 834, 835, because "negligen[ce] in diagnosing or treating a medical condition [is not] a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) ("[I]nadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference.").  "Deliberate indifference

3

is conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18.

"To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both a subjective and objective inquiry[.]" Leavitt v. Correctional Medical Services, Inc., 645 F.3d 484, 497 (1st Cir. 2011). A plaintiff may satisfy the subjective, "deliberate indifference" inquiry by showing that: "the treatment provided [was] so inadequate as to 'constitute an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" id. (quoting Estelle, 429 U.S. at 105-06); the needed care was denied as punishment; or "decisions about medical care [were] made recklessly with 'actual knowledge of impending harm, easily preventable.'" Id. (quoting Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007)). A plaintiff may satisfy the objective inquiry by showing that a medical need is sufficiently serious, that is, the medical need "has been diagnosed by a physician as mandating treatment, . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," or where "the effect of the delay of treatment" is clear. Id. at 497-98 (quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990)). The two inquiries are likely to overlap. Id. at 498.

4

The R&R thoroughly documents the background of Plaintiff's foot pain and problems, and this Court adopts these findings. Plaintiff's distress is palpable through his repeated attempts to seek medical attention for the pain in his foot, and he clearly hopes to receive treatment that will alleviate his pain. Dr. Fish's report, however, documents that while surgery may serve to correct the position of Plaintiff's toes and may alleviate his pain, the relevant surgery would neither correct the abnormal positioning of his foot nor the numbness that Plaintiff is experiencing. In addition, the report is clear that Plaintiff's physical abnormalities and pain are more likely caused by the trauma Plaintiff sustained in 2006 and not by the first corrective surgery in 2013 for the problems with Plaintiff's toes.

Plaintiff's motion for injunctive relief requested immediate medical attention, which he received on September 14, 2016. Presumably, Dr. Fish's report has started Plaintiff down the path of receiving treatment and, hopefully, reprieve from his pain. This Court has carefully considered Defendant's Objection, but ultimately agrees with the reasoned conclusions in the R&R. Plaintiff has not met his burden for injunctive relief because he is not likely to succeed on the merits of his Eighth Amendment violation claim. Based on the evidence before the Court, Plaintiff has not shown that the Defendants either

provided inadequate medical care, denied medical treatment as a punishment, or made reckless decisions about medical treatment such that Defendants' behavior constitutes deliberate indifference to Plaintiff's medical issues. See Leavitt, 645 F.3d at 497. In addition, none of the evidence, including Dr. Fish's report, has indicated that medical treatment has been mandated, but ignored. See id. This Court hereby ACCEPTS the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order is, however, DENIED WITHOUT PREJUDICE.

As mentioned above, Plaintiff has also filed a Motion for Re-Hearing, arguing that his Motion for injunctive relief should be granted based on Dr. Fish's report that substantiates Plaintiff's claims of pain and problems with his left foot. (Mot. for Re-Hearing 1-3, ECF No. 44.) Defendant Clarke objected to Plaintiff's motion for re-hearing because she contends that Plaintiff has not yet requested—or been denied—the surgery that Dr. Fish documented could alleviate Plaintiff's pain even though it may not correct all of the physical problems in his foot. (Mem. of Law in Support of Obj. to Mot. for Re-Hearing 2, ECF No. 46-1.) For the reasons stated above regarding the denial of Plaintiff's motion for injunctive relief, Plaintiff's motion for re-hearing is DENIED.

Also before the Court is Plaintiff's "Motion for Prima Facie Evidence," in which Plaintiff requests sixteen types of evidence from the Defendants. (ECF No. 39.) Plaintiff's Motion is DENIED AS MOOT because the proper form for Plaintiff's request, as stated by Defendant Wall in his response, would be a request for the production of documents served directly to the Defendants pursuant to Rule 34 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Plaintiff's Objection to the R&R is DENIED WITHOUT PREJUDICE, Plaintiff's Motion for Re-Hearing is DENIED, and Plaintiff's Motion for Prima Facie Evidence is DENIED AS MOOT.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  November 22, 2016