UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RYAN CALLAHAN,                     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 16-160 S
                                   )
ASHBEL T. WALL, II, et al.,        )
                                   )
        Defendants.                )
_____)

## MEMORANDUM AND ORDER

William E. Smith, Chief Judge.

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R"), filed on February 28, 2017, recommending that Plaintiff Ryan Callahan's renewed Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") be denied. (ECF No. 86.) Plaintiff is actively prosecuting his Complaint, filed pursuant to 42 U.S.C. § 1983, which alleges that Defendants' deliberate indifference to his medical need for surgery to correct three hammer toes on his left foot constitutes cruel and unusual punishment under the Eighth Amendment. (Compl. ¶¶ 1, 42, 48, ECF No. 1.) Plaintiff's initial Motion for Preliminary Injunction and Temporary Restraining Order was denied on November 22, 2016. (Mem. and Order, ECF No. 50.)

Since then, Defendants arranged for another podiatrist to examine Plaintiff. On January 30, 2017, Dr. Dehaven examined Plaintiff, took x-rays, and wrote a detailed report of his diagnoses and recommendations. (Def.'s Obj. to Mot. Ex. A, ECF No. 79-1.) Dr. Dehaven stated that "[a]t this time no surgical management on the left foot varus is recommended however I do believe a custom accommodative orthotic to help manage the varus position as well as offload the lateral aspect of the left foot would be helpful for him to ambulate with less pain." (Id. at 2.) With respect to Plaintiff's hammer toes, Dr. Dehaven stated that:

> "Patient could undergo revision of great toe as well as second and third toe on the left foot however at this time that is not recommended. I would recommend at this time custom accommodative orthotics to help offload the forefoot and accommodate his forefoot varus position. This can be performed by any visiting podiatric physician at the correctional facility. This may also help prevent the need for further surgical management of the toes. I did discuss the risk of potentially undergoing further surgical management of the hammertoes and due to the nonunion and his [illegible] he does have considerable risk of recurrence and failure of procedure. He also has considerable risk of significant shortening of the great toe because of the need to remove further bone. . . . I also discussed surgery of his hammertoes would not fix his varus foot type and will not improve the numbness that he has in his forefoot. However again I reiterate that at this time surgical management is not recommended treatment course, custom accommodative orthotic would be most recommended."

(Id. at 3.)

Plaintiff's renewed Motion seeks an order from the Court for immediate surgery. (Def.'s Mot. 6, ECF No. 78.) Magistrate Judge Sullivan held a hearing on February 17, 2017, at which Plaintiff appeared telephonically. The R&R recommends denying the renewed Motion because "Plaintiff is unlikely to succeed on the merits of [his] claim that [Defendants] exhibited deliberate indifference to his medical condition by refusing to allow foot surgery." (R&R 6.) The R&R also notes that, as of the end of February, Dr. Dehaven's recommendation for an orthotic had not yet been implemented, but that Plaintiff would be seen by a podiatrist the next time that a podiatrist visited the ACI. (Id. at 4 n.4.)

Plaintiff filed an objection to the R&R on March 27, 2017. (ECF No. 89.) The objection was not timely filed because March 27 is thirteen days past the end of the fourteen-day period in which a litigant may file an objection to an R&R. See Fed. R. Civ. P. 72(b)(2). This Court strictly adheres to this fourteen-day period. See LR Cv 72(c)(1) ("Failure to file specific objections . . . constitute[s] waiver of the right to review by the district judge and the right to appeal the Court's decision."). However, the Court briefly notes that Plaintiff's objection focuses on a second report from Dr. Fish—whose initial report was considered by the Court for Plaintiff's first Motion for Preliminary Injunction—that issued three days prior to the

hearing on Plaintiff's renewed Motion. (Obj. to R&R, ECF No. 89.) Dr. Fish's February 14 report states that "[p]atient is in need of surgical correction in the future. . . . Also correction of the nonunions of the hammertoes may not take away all patients [sic] pain. Patient is getting out in two months and is considering doing further surgery at that time." (Obj. to R&R Ex. A.) Plaintiff argues that this most recent report "directly contradicts Dr. Dehaven's report" and should control the Court's analysis. (Id. at 5.)

As Magistrate Judge Sullivan explained in the R&R, the First Circuit has instructed "that the Eighth Amendment is not violated when prison officials cho[o]se 'one of two alternatives—both of which are reasonably commensurate with the medical standards of prudent professionals, and both of which provide [plaintiff] with a significant measure of relief.'" (R&R 5 (quoting Kosilek v. Spencer, 774 F.3d 63, 90 (1st Cir. 2014)).) Here, Drs. Fish and Dehaven are in agreement that immediate surgery is not required; Dr. Fish recommended surgery "in the future" with reservation about whether the surgery will serve to alleviate the pain that Plaintiff is experiencing, whereas Dr. Dehaven recommended against immediate surgery and for immediate treatment by an orthotic to relieve Plaintiff's

4

pain.[1] (See Obj. to R&R Ex. A; Def.'s Obj. to Mot. Ex. A.) Dr. Dehaven also cautioned Plaintiff heavily about the risks of surgery, and opined that it may not fix the problems that Plaintiff has with his left foot.

After carefully reviewing Plaintiff's Motion and the R&R, this Court ACCEPTS the R&R (ECF No. 86) and adopts the reasoning set forth therein in its entirety. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 78) is therefore DENIED.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date: April 12, 2017

---

[1] The Court notes that it shares the Magistrate Judge's unease that Dr. Dehaven's recommendation for an orthotic was not immediately implemented, and expects that Defendants have arranged for a podiatrist to visit the ACI by the date of this Order. The Court also notes, however, that this comment is not to be construed as an opinion about the medically appropriate—or constitutionally required—period of time between the Defendants' receipt of Dr. Dehaven's recommendation and their implementation of such.