```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RYAN CALLAHAN,                     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 16-160 S
                                   )
ASHBEL T. WALL, II, et al.,        )
                                   )
        Defendants.                )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R"), filed on July 20, 2017, recommending that the Court grant Defendants Rhode Island Department of Corrections ("RIDOC") and Ashbel T. Wall's unopposed motion to dismiss (ECF No. 94). Plaintiff has not filed an objection to the R&R. After carefully reviewing Defendants' Motion to Dismiss and the R&R, this Court ACCEPTS the R&R (ECF No. 103) in its entirety and adopts the reasoning set forth therein. Defendants' Motion to Dismiss (ECF No. 94) is GRANTED and Defendants RIDOC and Wall shall be dismissed from the case.

Also before the Court is Defendant Dr. Jennifer Clarke's Motion for Court Order for Plaintiff to Show Cause why his claim against her should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

("Motion for Order to Show Cause") (ECF No. 102). Defendant Clarke argues that Plaintiff has not communicated with her since May 8, 2017. The Court notes that Plaintiff did not file an objection to Defendants RIDOC and Wall's Motion to Dismiss despite being granted an extension of time to respond and that Plaintiff subsequently failed to respond to the Court's June 1, 2017 Order to show cause why the Court should not proceed to rule on the Motion to Dismiss. Based on Plaintiff's failure to prosecute his claim against Defendant Clarke, Plaintiff's Motion for Court Order to Show Cause (ECF No. 102) is GRANTED. Plaintiff is instructed to show cause within thirty days from the date of this Order why his claim against Defendant Clarke should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 11, 2017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RYAN CALLAHAN, :
    Plaintiff, :
     :
v. : C.A. No. 16-160S
     :
ASHBEL T. WALL, II, Director of the :
Adult Correctional Institutions; :
FRED VOHR, individually and in his :
official capacity as former medical director; :
JENNIFER CLARKE, individually and :
in her official capacity as medical director; :
the ADULT CORRECTIONAL :
INSTITUTIONS; and the RHODE ISLAND :
DEPARTMENT OF CORRECTIONS, :
    Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Before the Court for report and recommendation is the unopposed motion to dismiss the Amended Complaint of Defendants Rhode Island Department of Corrections ("RIDOC") and its director, Ashbel T. Wall, sued both officially and in his individual capacity. ECF No. 94. Until recently Plaintiff has been incarcerated at the Rhode Island Adult Correctional Institutions (the "ACI"). In the Amended Complaint, he alleges that RIDOC and Director Wall, acting under color of state law, were so indifferent to the painful condition of his left foot pain as to violate the Eighth Amendment of the United States Constitution's prescription against cruel and unusual punishment in contravention of 42 U.S.C. § 1983. Plaintiff has also sued the former medical director of the ACI, Dr. Fred Vohr, and his replacement, Dr. Jennifer Clarke. Drs. Vohr and Clarke do not join in the motion to dismiss. However, recently, Dr. Clarke asked the Court to order Plaintiff to show cause why the claims against her, both individually and in her official capacity, should not be dismissed for failure to prosecute. ECF No. 102.

The RIDOC/Wall motion to dismiss presently before the Court was filed on April 5, 2017, with Plaintiff's opposition due on April 19, 2017. In response, Plaintiff belatedly sought and received a 30-day extension to respond to the motion. ECF No. 98. The new deadline was set for May 22, 2017, the date requested by Plaintiff in his motion. ECF No. 98; Text Order of April 28, 2017. In the meantime, based on the notification of change of address Plaintiff submitted to the Court, it appears that Plaintiff was released from the ACI sometime prior to May 19, 2017.[1] ECF No. 99.

Since sending in his change of address to the Court, Plaintiff has filed nothing in this matter. No response to the motion to dismiss was filed by the May 22 deadline, or thereafter. In light of Plaintiff's *pro se* status, on June 1, 2017, this Court entered an Order instructing him to show cause by June 29, 2017, as to why the Court should not proceed to rule on Defendants' motion in the absence of any opposition. ECF No. 100. This deadline also passed and nothing was filed. As of the date of this report and recommendation, Plaintiff has made no response to the Court.[2] For reasons explained below, I recommend that the motion be granted.

I.   **Factual Background**

Prior to being incarcerated in 2012, Plaintiff injured his left foot. ECF No. 28-3. After he began serving his sentence, he was sent to Memorial Hospital on March 18, 2013, for surgery to correct three hammertoes on the left foot, a condition related to the pre-incarceration injury. ECF No. 1 ¶ 15. The gravamen of his claim is that post-surgery aftercare at the ACI was

---

[1] According to Dr. Clarke's Motion for Order to Show Cause, Plaintiff was released "on or about May 7, 2017." ECF No. 102.

[2] Dr. Clarke's motion asking the Court to order Plaintiff to show cause why this case should not be dismissed against her and the office of medical director for failure to prosecute details a similar pattern. ECF No. 102. She points out that she was a defendant in another lawsuit brought by Plaintiff captioned Callahan v. Blanchette, C.A. No. 16-369M. That suit was recently dismissed based on Plaintiff's failure to prosecute, compounded by his failure to comply with a show cause order.

provided with deliberate indifference in that it was improperly handled by a nurse and was not attended to by the independent physician who had performed the surgery. Since these events in 2013, Plaintiff has continued to experience difficulty walking and pain in the left foot. Beginning in 2016, his complaints of foot pain led to examinations by RIDOC physicians and nurses and referrals to independent podiatrists. Based on these more recent events, the Amended Complaint seeks a mandatory injunction ordering RIDOC to arrange for further corrective surgery based on a 2016 medical opinion that such surgery would alleviate the pain.

In addition to challenging the sufficiency of the medical treatment of his left foot provided by RIDOC and its medical directors under the Eighth Amendment, Plaintiff has also brought a medical malpractice claim arising from the first foot surgery and aftercare in 2013. These malpractice claims are asserted against Memorial Hospital, the independent physician who performed the surgery (Dr. Kuhar), and the ACI nurse who provided the aftercare. That case is pending in the Rhode Island Superior Court. ECF No. 85 ¶ 64.

Since filing the federal case, Plaintiff has twice sought emergency medical attention through motions for preliminary injunction and temporary restraining order filed in this Court; both motions were denied by the District Court based on two reports and recommendations issued following hearings before this writer. Callahan v. Wall, C.A. No. 16-160 S, 2016 WL 6882837 (D.R.I. Nov. 22, 2016) ("Callahan I"); Callahan v. Wall, C.A. No. 16-160 S, 2017 WL 1365989 (D.R.I. April 12, 2017) ("Callahan II"). The undisputed evidence developed in connection with these motions established that Plaintiff had frequent interactions with medical personnel at RIDOC and that RIDOC arranged for examinations of Plaintiff's left foot by at least three independent podiatrists, Dr. Clyde Fish, Dr. Moniz, and Dr. Jordan Dehaven. While no report was submitted by either party from Dr. Moniz, it was also undisputed that the other two

podiatrists gave divergent opinions regarding what treatment was necessary or advisable; importantly, neither gave a definitive opinion that immediate surgery was necessary or prescribed. Thus, Dr. Fish opined that "[p]atient is in need of surgical correction in the future," and noted that, while a second surgery would not correct all Plaintiff's foot problems, it might alleviate some of his pain and could be done on his release. By contrast, Dr. DeHaven noted that surgery would be risky and was not recommended. Callahan II, at *1.

Based on this evidence, the Court twice held that Plaintiff was unlikely to succeed on the merits of his Eighth Amendment claim because he would be unable to show that his medical treatment at the ACI was "so inadequate as to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." ECF No. 50 at 4; see Kosilek v. Spencer, 774 F.3d 63, 90 (1st Cir. 2014) ("Eighth Amendment is not violated when prison officials cho[o]se one of two alternatives – both of which are reasonably commensurate with the medical standards of prudent professionals, and both of which provide [plaintiff] with a significant measure of relief.").

The currently operative pleading, the Amended Complaint, was filed after Callahan I but before Callahan II; it mooted the first motion to dismiss filed by RIDOC and Director Wall.[3] In the Amended Complaint, Plaintiff makes the conclusory claim that all four Defendants, including Director Wall, "willfully deprived the plaintiff of clearly established constitutional rights while acting under the color of state law when they failed to provide the plaintiff with adequate and reasonable medical treatment for his left foot hammertoes, digits one, two, and three; causing the

---

[3] Plaintiff filed an opposition to RIDOC's first motion to dismiss, in which RIDOC and Director Wall made arguments similar to those asserted now. Because Plaintiff also filed a motion to amend his complaint and a renewed motion for preliminary injunction, the Court held RIDOC's first motion to dismiss moot, allowed the amendment to the complaint and held a hearing on the renewed motion for preliminary injunction. In considering this second unopposed motion to dismiss, the Court was cognizant of Plaintiff's arguments in opposition to the first motion to dismiss.

plaintiff to be subjected to prolonged, manifest and agonizing pain." Id. ¶ 1.  While the pleading details the post-operative care Plaintiff received, including the conduct of the ACI personnel who he claims were aware of his medical needs and acted with deliberate indifference (Defendants Dr. Vohr and Dr. Clarke, and Nurse David Piccirillo), Director Wall is not mentioned in the pleading as participating in, or having any knowledge of, Plaintiff's medical care.  Rather, Director Wall is described only as the "Director of operations of the ACI" with responsibility for the facility, and is generally accused with the other defendants of imposing "cruel and unusual punishment upon the plaintiff." ECF No. 85 at 2, 24-25.

In the prayer for relief, the Amended Complaint seeks a declaratory judgment that Plaintiff's constitutional rights were violated, a prospective injunction mandating corrective surgery, and damages from each defendant "in their individual capacity, for the prolonged, manifest, and agonizing pain and mental and physical suffering," including punitive damages in the amount of $250,000 from Dr. Clarke; $100,000 from Dr. Fred Vohr; and $100,000 from RIDOC.  ECF No. 85 at 27-28.

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  The plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and it must show "more than a sheer possibility that a defendant has acted unlawfully." Id.  "The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, and review

5

pleadings of a *pro se* plaintiff liberally." Tucker v. Wall, 2010 WL 322155, at *8 (D.R.I. Jan. 27, 2010) (internal citations omitted). However, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). In addition, the court's "duty to be 'less stringent' with *pro se* complaints does not require [it] to conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

Although Plaintiff's failure to file any opposition to Defendants' motion to dismiss is a violation of Local Rule Cv 7(b)(1), the motion cannot be summarily granted simply because it is unopposed. Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."), Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003) (in Tenth Circuit, "district court may not grant a motion to dismiss for failure to state a claim merely because the party failed to file a response"). Consequently, the Court must still determine whether the Plaintiff's Amended Complaint states a legally sufficient claim.

### III. Analysis

#### A. Claim for Money Damages against RIDOC and Director Wall in Official Capacity

The Amended Complaint names RIDOC and Director Wall, in his official capacity, and seeks money damages pursuant to 42 U.S.C. § 1983. This aspect of the pleading founders in the face of well-established law that "neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991); see Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003)

6

("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). This law is anchored in the bedrock principle that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. (internal citation omitted).

I find that RIDOC is a state agency that may not be sued for money damages. Further, I find that the claim against Director Wall in his official capacity runs not against him individually, but against his office, which is the equivalent to suing the State itself. Will, 491 U.S. at 71. Therefore, to the extent that it seeks money damages, Plaintiff's Amended Complaint fails to state a claim against RIDOC and against Director Wall in his official capacity. Accordingly, I recommend that these claims be dismissed.

      B.      Claims against Director Wall in his Individual Capacity

The Amended Complaint makes the conclusory allegation that Defendant Wall, along with Drs. Clarke and Vohr, "willfully deprived the plaintiff of clearly established constitutional rights" when they, acting under color of state law, failed to provide the plaintiff with adequate and reasonable medical treatment for his left foot. ECF No. 85 ¶ 3. Beyond this, the pleading is devoid of plausible factual allegations against Director Wall in connection with Plaintiff's medical treatment. Under the heightened pleading standards set forth by the Supreme Court in Iqbal and Twombly, Plaintiff's allegations fail to give Director Wall fair notice of the claims against him and the grounds on which they rest, Twombly, 550 U.S. 554, 555; nor do they permit

7

the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 56 U.S. 662, 678.

It is well settled that Director Wall's status as top state official in charge of RIDOC during the relevant period is legally insufficient to state a claim against him in his individual capacity. Perez v. Corr. Officer Gass, C.A. No. 15-306ML, 2017 WL 1967800, *2 (D.R.I. Apr. 19, 2017) (recommending dismissal of claims against Director Wall because pleading failed to allege that he had any direct involvement and plaintiff conceded he sued Director Wall because he was "in charge"), adopted sub nom., Perez v. Gass, 2017 WL 1968275 (D.R.I. May 11, 2017); Robinson v. Semple, C.A. No. 14-554S, 2017 WL 933058, *3 (D.R.I. Jan. 18, 2017) (claims against Director Wall failed because pleading did not allege he had any direct involvement in underlying facts or circumstances), adopted, 2017 WL 933050 (D.R.I. Mar. 8, 2017); see Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011) ("reiterating the principle that government officials may be held liable only 'on the basis of their own acts or omissions,' and not 'for the unconstitutional conduct of their subordinates under a theory of respondeat superior'"). In a § 1983 action, supervisory liability can arise only when the supervisor is a "primary violator or direct participant in the rights-violating incident," or "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009).

Plaintiff's Amended Complaint lacks plausible facts permitting the inference that Director Wall was a primary actor or direct participant in any of the events on which the claims are based, nor are there any allegations of deficient training. Consequently, I recommend that

Plaintiff's claims against Director Wall in his individual capacity be dismissed for failure to state a claim.

        C.        <u>Claim for Injunctive Relief against RIDOC and Director Wall</u>

The Amended Complaint seeks a mandatory injunction "ordering the defendants to provide a surgical correction of hammertoes one, two, and three of his left foot which 'will alleviate the plaintiff's pain'". ECF No. 85 at 27. This argument has twice been considered by the Court based on review of a well-developed record, including opinions from appropriately qualified independent medical providers. Twice, the Court has rejected Plaintiff's prayer for injunctive relief based on the application to the undisputed facts (the opinions of the two podiatrists) of the legal principle that "[t]he law is clear that where two alternative courses of medical treatment exist, and both alleviate negative effects within the boundaries of modern medicine, it is not the place of our court to 'second guess medical judgments.'" <u>Kosilek</u>, 774 F.3d at 90.

Based on these determinations, RIDOC and Director Wall ask the Court to enter judgment against Plaintiff on his prayer for an injunction. With an uncontroverted medical opinion from an appropriately credentialed medical professional opining that surgery was not needed as of the time preceding Plaintiff's release from the ACI in May, they contend Plaintiff cannot prove facts to support his claim for injunctive relief based on the allegation that RIDOC's decision not to proceed with surgery amounted to deliberate indifference under the Eighth Amendment. Not raised by RIDOC and Director Wall (as Plaintiff was still a prisoner when their motion was filed), but independently fatal to Plaintiff's prayer for a prospective injunction, is his release from incarceration, which moots his prayer for an equitable remedy that was dependent on his status as a prisoner. <u>Clas v. Torres</u>, 549 F. App'x 922, 923 (11th Cir. 2013)

(inmate's claim for injunctive relief based on allegation of inadequate medical treatment grounded in Eighth Amendment under § 1983 "generally becomes moot once the inmate is transferred"); Nasious v. Colorado, 495 F. App'x 899, 903 (10th Cir. 2012) (it is "well-settled that a prisoner's transfer out of a prison moots his requests for declaratory or injunctive relief against staff at that prison"; claim based on Eighth Amendment and grounded in allegation of denial of medical treatment dismissed); Riggs v. Thompson, No. C.A. No. 3:14-62-GFVT, 2015 WL 9645963, at *4 (E.D. Ky. Nov. 5, 2015) (when "injunctive or declaratory relief is requested [based on Eighth Amendment denial of surgery], dismissal for mootness is proper when the Court cannot redress a prisoner plaintiff's claims due to his release"), adopted, 2016 WL 70586 (E.D. Ky. Jan. 5, 2016).

In a circumstance like this, where there is no material dispute concerning the medical reports and where Plaintiff has been released, mooting his claim for an injunction, so that there is no possibility that additional discovery will advance the argument that an injunction should issue ordering RIDOC to arrange for surgery, it is appropriate for the Court to come to a final adjudication of the demand for injunctive relief. As one court noted, "the Court sees no reason to postpone the inevitable." Libertad v. Welch, 854 F. Supp. 19, 34 (D.P.R. 1993) (preliminary injunction evidence sufficient for court to dismiss claim for injunction); see Bright v. Nunn, 448 F.2d 245, 247 n.1 (6th Cir. 1971) (when facts at preliminary injunction hearing are uncontested, appropriate to dismiss action). And while notice is normally required before the Court proceeds to the merits, Libertad, 854 F. Supp. at 35, in this instance, Plaintiff was afforded notice of the Court's intent to rule on Defendants' motion to dismiss his claim for injunctive relief when he was served with the Court's Order to Show Cause on June 1, 2017. See Francisco Sanchez v. Esso Standard Oil Co., 572 F.3d 1, 15 (1st Cir. 2009).

To summarize, the robust nature of the evidence presented by both sides in connection with the preliminary injunction proceedings, the depth of the legal analysis considered in connection with each of them, and the reality that Plaintiff is no longer a prisoner and is free to seek surgery if he wishes to do so, is more than sufficient for the Court to rule now that Plaintiff's claim for injunctive relief is moot, fails on the merits and should be dismissed. Dismissal of this claim for equitable relief is consistent with the equities when the Court considers the months that have passed since Plaintiff was released yet he has filed nothing. Accordingly, I recommend that the Court dismiss as moot and for failure to state a claim Plaintiff's prayer for injunctive relief against RIDOC and Director Wall.

## IV.  Conclusion

In light of the foregoing and in light of the Plaintiff's failure to respond to Defendants' motion to dismiss, I recommend that the Court grant the motion of Defendants RIDOC and Director Wall (ECF No. 94) based on the failure of the Amended Complaint to state a claim upon which relief may be granted, as well as based on the mootness of his claim for injunctive relief.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 20, 2017